UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| |
|---|
| CHERYL D. ARNOLD, |
| Plaintiff, |
| v. |
| CAPITAL ONE SERVICES, INC., |
| CAPITAL ONE FINANCIAL |
| CORPORATION, |
| ASTYRA CORPORATION, |
| Defendants. |

Action No. 3:10-CV-244

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for Summary Judgment. (Doc. Nos. 3 and 9.) Defendants Capital One Services, Inc., Capital One Financial Corporation (together "Capital One"), and Astyra Corporation ("Astyra") move the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it does not state a claim upon which relief can be granted, or, in the alternative, pursuant to Rule 56 because there is no genuine dispute over a material fact and Defendants are entitled to judgment as a matter of law. For the reasons stated below, the Court GRANTS Defendants' Motion.

I.  **BACKGROUND**

Plaintiff is a former employee of Astyra, a staffing and consulting firm, who received a placement with Capital One in April 2008. Plaintiff's placement was contingent upon the results of a criminal background check, which Plaintiff authorized Capital One to obtain.

1

Capital One requested Plaintiff's criminal history information from the FBI's Criminal Justice Information Services Division ("CJIS").

Capital One received a copy of Plaintiff's criminal record from the FBI on April 18, 2008. The record indicated that Plaintiff had prior felony arrest charges for breaking and entering and grand larceny. Capital One subsequently requested that Astyra remove Plaintiff from the Capital One assignment until Plaintiff could demonstrate that she had not been convicted of the crimes. Plaintiff now contends that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by taking adverse action against her without providing proper notice of the adverse action, a copy of the consumer report used against her, or notice of her rights under the FCRA.

Defendants maintain that they did not take an adverse employment action against Plaintiff based on a consumer report from a consumer reporting agency.

## II. LEGAL STANDARD

### a. Motion to Dismiss

A motion to dismiss "test[s] the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820, 825 (4th Cir. 2010). A pleading states a claim if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts sufficient "[t]o raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face if "plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal is appropriate if the moving party can demonstrate "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 550 U.S. at 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). In other words, if it is clear that the plaintiff cannot obtain any relief even if all her allegations are true, the plaintiff's complaint should be dismissed for failure to state a claim. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). In ruling on a Rule 12(b)(6) motion, a court must "accept as true all of the factual allegations in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), as well as any facts consistent with those allegations that can be proved, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). Further, the court must view all facts in the light most favorable to the plaintiff. <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).

Normally, a court must convert a motion to dismiss into a motion for summary judgment if it considers documents outside the pleadings in making a ruling. Fed. R. Civ. P. 12(d). A court may, however, "consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint" without converting a motion to dismiss into one for summary judgment, "so long as the authenticity of these documents is not disputed." <u>Witthohn v. Fed. Ins. Co.</u>, 164 Fed. Appx. 395, 396 (4th Cir. 2006). Further, even if the parties submit documents outside the pleadings, "[t]he Court . . . retains discretion to disregard any extraneous exhibits submitted by Defendant and to treat

the motion as a standard one for failure to state a claim under Rule 12(b)(6). . . ." Harmon v. CB Squared Servs. Inc., No. 3:08-CV-799, 2009 U.S. Dist. LEXIS 7009, at *5 (E.D. Va. Jan. 30, 2009) (citing Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 450 (4th Cir. 2007)).

      b. <u>Motion for Summary Judgment</u>

A motion for summary judgment should be granted where "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of establishing the nonexistence of a triable issue of fact by "showing . . . that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the non-moving party does not identify specific facts that demonstrate a genuine material issue for trial, the court must grant summary judgment. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

A court may consider the parties' pleadings, discovery materials, and affidavits to determine if a triable issue exists. Fed. R. Civ. P. 56(c)(2). "Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Auth., 830 F. Supp. 889, 897 (E.D. Va. 1993) (internal citation omitted). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing [the]

4

motion." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal citation and quotation marks omitted).

### III.     DISCUSSION

Defendants argue that they did not take an adverse employment action against Plaintiff based on a consumer report obtained from a consumer reporting agency, as the FBI is not a consumer reporting agency. Defendants point out that the FCRA's legislative history indicates that the statute is concerned with regulating the credit reporting industry, not the recordkeeping functions of government agencies. See 55 Fed. Reg. 18804 ("[b]ecause Congress did not intend that the FCRA apply to the Office of Personnel Management and similar federal agencies (see 116 Cong. Rec. 36576 (1970) (remarks of Rep. Brown)), no such agency is a 'consumer reporting agency.'"). Thus, Defendants argue, Plaintiff's Complaint must fail.

Plaintiff argues that (1) the Court cannot decide the instant Motion as a motion to dismiss because Defendants have attempted to supplement the record with affidavits and (2) summary judgment is premature because Plaintiff has not been able to conduct discovery regarding the source of the criminal record, the authority under which Capital One can obtain consumer information from the FBI, or the role of the FBI in conducting criminal record checks for non-criminal purposes.

Substantively, Plaintiff contends that she does not allege that the FBI is a consumer reporting agency or that Capital One requested a criminal history report from the FBI. Instead, Plaintiff argues, her Complaint alleges Defendants were "users" of a consumer report governed by the FCRA. Nonetheless, Plaintiff maintains that the FBI actually is a

5

consumer reporting agency. Her rationale is that a consumer can establish that a report is a consumer report under the FCRA if: (1) the requesting party uses the report for one of the purposes listed in the FCRA; (2) the consumer reporting agency that prepares the report expects it to be used for such purpose; or (3) the consumer reporting agency that prepared the report collected information expecting it to be used for one of the purposes stated in the FCRA. Ippolito v. WNS, Inc., 864 F.2d 440, 449 (7th Cir. 1988). Plaintiff claims that the FBI is a consumer reporting agency because each of these criteria is satisfied by its supplying a criminal record to Defendants.

The FCRA was enacted to regulate consumer reporting agencies. See 15 U.S.C. § 1681(b) ("[i]t is the purpose of [the FCRA] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. . . ."). A "consumer reporting agency" is

> [a]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). A consumer report is any information from a consumer reporting agency bearing on a consumer's "[creditworthiness], credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" that is used or expected to be used to determine the consumer's eligibility for credit, insurance, employment, and for various other purposes specified by statute. 15 U.S.C. § 1681a(d)(1).

The FCRA specifies when and to whom a consumer reporting agency may furnish a consumer report and requires that consumer reporting agencies maintain reasonable procedures. 15 U.S.C. §§ 1681b(a), 1681e(a).

By definition, a consumer report is provided by a consumer reporting agency. See 15 U.S.C. § 1681a(d)(1). Accordingly, to properly state a claim under the FCRA, Plaintiff must demonstrate that the FBI is a consumer reporting agency. Plaintiff, however, has not, and cannot, demonstrate that the FBI is such an agency. It is well-settled that the FBI is not a consumer reporting agency. Ricci v. Key Bancshares of Maine, Inc., 768 F.2d 456, 466 (1st Cir. 1985) ("[t]he FBI is not a 'consumer reporting agency' as defined under the [FCRA]."); Ollestad v. Kelley, 573 F.2d 1109, 1111 (9th Cir. 1978) ("[i]t cannot be contended seriously that agencies such as the F.B.I. compile information on persons . . . for the purpose of furnishing consumer reports to third parties."); Smith v. Busch Entertainment Corp., No. 3:08-CV-772, 2009 U.S. Dist. LEXIS 46796, at *7-8 (E.D. Va. June 3, 2009) (holding the Virginia State Police Central Criminal Records Exchange, the criminal recordkeeping agency for the Commonwealth of Virginia, is not a consumer reporting agency simply because it provides employers with background information about employees or prospective employees). Because Plaintiff cannot prove that the FBI is a consumer reporting agency, she cannot state a claim under the FCRA and her Complaint must fail.

The Court declines Plaintiff's request to treat instant Motion as a one for summary judgment. The rule that a court must convert a motion to dismiss into a motion for summary judgment if it considers documents outside the complaint does not apply if the document considered is "'[i]ntegral to and explicitly relied on in the complaint and . . . the

plaintiffs do not challenge its authenticity.'" Am. Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). Plaintiff's claim is based entirely on a criminal background check, and Defendants' Motion is based entirely on the fact that Capital One obtained a criminal history report from the FBI, which is not a consumer reporting agency. Consequently, the Court needs only consider the criminal record at issue in deciding this Motion. Plaintiff cannot legitimately argue that the criminal history report is not "integral to and explicitly relied on in the complaint," Am. Chiropractic, 367 F.3d at 234, or that the report is a matter outside the pleadings sufficient to convert the motion to dismiss into one for summary judgment.

## IV. CONCLUSION

Because Plaintiff cannot show that the FBI is a consumer reporting agency, her Complaint must fail. Accordingly, the Court GRANTS Defendants' Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __10th____ day of March 2011